IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLARENCE MCKNELLY, | |
| Petitioner, | **8:25CV467** |
| vs. | |
| ROB JEFFREYS, State of Nebraska, (NDCS) Director; | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before this Court for preliminary review of Petitioner Clarence McKnelly's ("McKnelly") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Filing No. 1. For the reasons that follow, the Petition shall be dismissed without prejudice.

McKnelly challenges his conviction and sentence entered on May 14, 2010, for sexual assault of a child. Filing No. 1 at 1 (citing Douglas County criminal case number CR 182-568/CR 0931302 (the "2010 Conviction")). McKnelly's state court records, available to this Court online,[1] confirm that for the 2010 Conviction, McKnelly was sentenced to 12-16 months, with 167 days credit for time served. His state court records also show that McKnelly began his sentence for the 2010 Conviction on May 14, 2010. McKnelly claims he thought he was pleading guilty to robbery when he pled guilty to sexual assault of a child. *See* Filing No. 1 at 5. McKnelly's claims for habeas relief each

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. McKnelly*, Case No. 10-9074753, Docket No. 182-568, Douglas County District Court, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Copies of the docket sheet and sentencing order for the 2010 Conviction are attached to this Memorandum and Order.

center on his assertion that he did not commit sexual assault of a child, and that he thought he was pleading guilty to robbery when he pled guilty to that charge. *See* Filing No. 1 at 5-8.

For several reasons,[2] McKnelly's Petition must be dismissed. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). "Custody is tested at the time of filing the petition." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991). "A person whose sentence has fully expired at the time his petition is filed cannot satisfy the custody requirement." *Weaver*, 925 F.2d at 1099; *accord* Garlotte v. Fordice, 515 U.S. 39, 48 (1995) ("[T]he habeas statute does not permit prisoners to challenge expired convictions.").

When McKnelly filed his current Petition, he was not "in custody" pursuant to the 2010 Conviction that he is now attempting to challenge. McKnelly's allegations and his state court records show that his sentence for those convictions would have been completed over a decade before he filed this habeas Petition. Filing No. 1 at 1. Therefore,

---

[2] McKnelly's Petition is also barred by the one-year limitations period for state prisoners to file for federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214. McKnelly hints that his untimely Petition should be permitted because he is actually innocent. *See* Filing No. 1 at 5. However, to show actual innocence, a petitioner is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Actual innocence means factual innocence, not legal innocence or legal insufficiency. *Narcisse v. Dahm*, 9 F.3d 38, 40 (8th Cir.1993). The evidence McKnelly references—i.e., that he thought he was being convicted of robbery but only recently realized he had been convicted of sexual assault of a child—is not new. His state court records in the 2010 Conviction clearly state he was being convicted and sentenced for sexual assault of a child. Further, even construed liberally, McKnelly alleges faults in the process of his 2010 Conviction. *See* Filing No. 1 at 8. He makes no allegation that any new evidence would exonerate him.

McKnelly cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." (emphasis in original)).

The Court recognizes that McKnelly is currently incarcerated by the Nebraska Department of Correctional Services ("NDCS") in a different Nebraska state court criminal case.[3]  The Court is also mindful that there may be other "collateral consequences" attributable to McKnelly's convictions in the 2010 Conviction, such as possible sentence enhancements on latter convictions.  *See Maleng*, 490 U.S. at 492; *Carafas*, 391 U.S. at 237.  It is well-settled, however, that such collateral consequences alone do not satisfy the statutory "in custody" requirement of the federal habeas corpus statute.  As the Supreme Court explained in *Maleng*, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." 490 U.S. at 492.  Therefore, even though McKnelly might have experienced, might still be experiencing, or might experience in the future, some adverse consequences from the 2010 Conviction, those collateral consequences do not cause him to currently be "in custody" for the 2010 Conviction for purposes of § 2254(a).  *See id.*

In sum, because McKnelly was not "in custody" pursuant to the 2010 Conviction when he filed his current petition, the Court lacks subject matter jurisdiction over this habeas proceeding.  *See Weaver*, 925 F.2d at 1099 (A "district court lacks subject-matter jurisdiction" if the "petitioner does not satisfy the custody requirement."); *see also Love v.*

---

[3] See Nebraska Department of Correctional Services, Incarceration Records online search, https://dcs-inmatesearch.ne.gov/Corrections/InmateDisplayServlet?return= (last visited, March 27, 2026).

3

*Tippy*, 128 F.3d 1258, 1258-59 (8th Cir. 1997) (per curiam); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 926 (1995); *Miles v. Maschener*, 175 F.3d 1025 (8th Cir. 1999) (per curiam) (unpublished) (Table Decision). Accordingly, this Court lacks jurisdiction over this case and will dismiss the Petition without prejudice.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that McKnelly is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.    Upon initial review, the Petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.    A judgment will be entered by separate document.

3.    Based on the dismissal of the Petition, McKnelly's Motion for Summons, Filing No. 4, and Motion to Appoint Counsel, Filing No. 7, are denied as moot.

Dated this 30th day of March, 2026.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge

4